IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY D. DOMBROWSKI,    )
                          ) No. 14-139
        V.                )
                          )
COMMISSIONER OF SOCIAL    )
SECURITY.

**SYNOPSIS**

Plaintiff filed an application for child's insurance benefits, and for supplemental social security income, alleging disability due to various impairments, including Asperger's syndrome. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as

1

adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff contends that the ALJ erred in his analysis of Dr. Reedy, Plaintiff's treating psychologist, and the consulting examiner, Dr. Francis. The ALJ assigned Dr. Reedy's opinion "little weight," and Dr. Francis' opinion was afforded "some weight."[1] In contrast, the ALJ assigned the opinion of the non-examining agency consultant great weight.

The weight to be afforded a treating physician's opinion depends on the analysis of several factors, including the length, nature and extent of the treatment relationship, the supportability of

---

[1] The ALJ did not refer to Dr. Reedy as a treating physician. Plaintiff asserts that Dr. Reedy is entitled to treating physician status in this context. I will assume, without deciding, that she is a treating physician. However, as discussed infra in the body of the Opinion, it is not clear whether or not the ALJ considered her as such.

2

the opinion, the consistency of the opinion with the record evidence, and any specialization of the physician. 20 C.F.R. § 416.927.   In this context, the following principles apply:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non- examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence.  Similarly, … the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Social Sec. Admin., 403 Fed. Appx. 679 (3d Cir. 2010) (citations omitted).

Where conflicting evidence is presented, an ALJ may only reject a medical opinion of the claimant's treating physician where the contradicting evidence provides more substantiation or supporting explanation. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).  Accordingly, the treating source's opinion may not be rejected because of the ALJ's own speculation, credibility determinations, or lay opinion. Id.  Consistent with these principles, "[i]t is axiomatic that the Commissioner cannot reject the opinion of a treating physician without specifically referring to contradictory medical evidence," and that if an ALJ chooses to reject the opinion of a treating physician, he must adequately explain in the record his reason for doing so. Molnar v. Astrue, 2012 U.S. Dist. LEXIS 136253, at *35 (W.D. Pa. 2012) (citing Moffat v. Astrue, 2010 U.S. Dist. LEXIS 103508, 2010 WL 3896444 at *6 (W.D.Pa. 2010)).

Dr. Reedy found marked limitations in various areas, such as understanding and remembering detailed instructions, making simple work-related decisions, and responding appropriately to changes in a routine work setting; she found several moderate limitations, as well.  She also noted extreme limitations in Plaintiff's social functioning.   Likewise, Dr. Francis

found marked limitations in the ability to respond appropriately to changes and pressures in a work setting.

In this case, the ALJ explained that he afforded Dr. Reedy's opinion little weight, because it was inconsistent with her own treatment plan and recommendations, as well as unsupported by objective medical evidence. He afforded Dr. Francis' opinion "some weight," and found that Dr. Francis' opinions regarding restrictions for work pressures and changes were not supported by objective medical evidence. Moreover, the ALJ assigned "great weight" to the non-examining consultant's opinion, because it was "generally in accord with how the claimant presents himself and his medical history." It is unclear, however, what "objective medical evidence" the ALJ found lacking, particularly as Dr. Francis and Dr. Reedy were in accord regarding Plaintiff's ability to respond to pressures and changes in a work setting. Likewise, the ALJ did not specify internal inconsistencies in her records. It is unclear, as well, whether the ALJ considered Dr. Reedy's status as a treating physician, in accordance with the factors identified in applicable regulations. Accordingly, I can't be certain that the ALJ reached his conclusions based on an appropriate and thorough assessment of the medical evidence of record. Because of the possibility that a reanalysis might affect the Plaintiff's residual functional capacity ("RFC"), I cannot find the conclusory explanation harmless.

In this case, there may well have been good reasons for the ALJ's treatment of the opinions of Drs. Reedy, Francis, and Brace. Indeed, Defendant suggests several possible explanations. I, however, am limited to reviewing only the grounds relied on by the ALJ. Under the circumstances, the ALJ's cursory explanation for the weights assigned the three medical source opinions is inadequate to enable meaningful review. Accordingly, remand is justified.

## CONCLUSION

In sum, this matter will be remanded so that the ALJ may further analyze or explain the weights that he afforded the opinions of Drs. Reedy, Francis, and Brace. Should that analysis result in a different RFC, the ALJ is, of course, free to take appropriate action. An appropriate Order follows.

## ORDER

AND NOW, this 9th day of April, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court